IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN PORTER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 15-cv-11459 |
| v. | ) ) | Hon. Manish S. Shah |
| NBTY, INC., UNITED STATES NUTRITION, INC., HEALTHWATCHERS (DE), INC., and MET-RX NUTRITION, INC., | ) ) ) ) | Hon. Young B. Kim |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

In advance of the initial status hearing with this Court currently set for April 8, 2016, at 9:30 A.M., Plaintiff Ryan Porter ("Plaintiff") and Defendants NBTY, Inc., United States Nutrition, Inc., Healthwatchers (DE), Inc., and Met-Rx Nutrition, Inc. ("Defendants") (collectively, the "Parties"), via their counsel of record, submit the following report.

**I.    The Nature Of The Case.**

   **A.    Attorneys Of Record.**

| **Plaintiff** | **Defendants** |
|---|---|
| Joseph J. Siprut (*lead trial attorney*) | Robert M. Andalman |
| Michael L. Silverman | Rachael Blackburn |
| **SIPRUT PC** | **A&G LAW LLC** |
| 17 N. State St., Suite 1600 | 542 S. Dearborn Street, 10th Floor |
| Chicago, Illinois 60602 | Chicago, Illinois 60605 |
| | |
| Nick Suciu III | William A. Delgado |
| **MANSOUR, BARBAT & SUCIU PLLC** | **WILLENKEN WILSON LOH & DELGADO LLP** |
| 434 West Alexandrine, Suite 101 | |
| Detroit, Michigan 48201 | 707 Wilshire Boulevard, Suite 3850 |
| | Los Angeles, California 90017 |

138407.1

**B.     Basis For Federal Jurisdiction.** Plaintiff has filed a class action complaint. Plaintiff asserts that this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because, in the aggregate, Plaintiff alleges that his claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs. Plaintiff further alleges that there are numerous Class members who are citizens of states other than Defendants' states of citizenship.

**C.     Nature Of The Claims Asserted.** Plaintiff filed this putative class action on December 18, 2015, and subsequently filed an amended class action complaint on March 22, 2016, alleging that Defendants misrepresent the protein content and quality of protein in their Body Fortress Super Advanced Whey Protein, Body Fortress Super Advanced Whey Isolate, and Met-Rx MyoSynthesis Whey protein supplements (the "Products"). Plaintiff asserts claims for: (1) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and consumer fraud laws in other states; (2) breach of express warranty; and (3) unjust enrichment.

**D.     Major Legal And Factual Issues.**

Plaintiff asserts that the major legal and factual issues in this case include:

1. The true nature and quality of protein in Defendants' Products;
2. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;
3. Whether Defendants' purported introduction of misbranded food into interstate commerce violates federal food labeling requirements and state parallel statutes;
4. Whether Defendants' conduct violates the Illinois and other asserted consumer fraud statutes;
5. Whether Defendants breached an express warranty to Plaintiff and Class members; and
6. Whether Defendants were unjustly enriched at the expense of Plaintiff and Class members.

Defendants do not agree with each of the issues Plaintiff lists above. Defendants state instead:

1. The threshold legal issues in this case are discussed in Defendants' Motion to Dismiss, and include whether the Plaintiff has standing to make the claims he raises, whether his claims are preempted by federal law that controls the labeling of all products at issue, and whether he otherwise has stated a claim on which relief could be had.
2. If the case proceeds beyond Defendants' Motion to Dismiss, issues in the case will include:
    a. Whether the label of the relevant product(s) is false or misleading under the Illinois Consumer Fraud Act.
    b. The proximate cause why Plaintiff or others in Illinois purchased the relevant product(s).
    c. The differences between Plaintiff and other putative class members, and whether a class could ever be ascertainable here, among other issues relevant to whether a class could ever be certified here pursuant to Fed. R. Civ. P. 23.

**E.** **Relief Sought.** Plaintiff seeks injunctive relief, declaratory relief, monetary damages, statutory damages, and all other relief as authorized in equity or by law.

## II. Pending Motions & Case Plan.

**A.** **Pending Motions.** Defendants' Motion to Dismiss the First Amended Complaint is pending.

**B.** **Proposed Discovery Schedule.** The Parties propose to the Court the following discovery plan:

1. *General Type of Discovery Needed.*

    a. **Plaintiff's Position**: Discovery will be needed on at least the following subjects: (a) the size of the Class; (b) general policies and practices regarding manufacturing, advertising, and labeling of the Products; (c) the ingredients and quality of the protein in the Products; (d) whether Defendants misrepresented the nature and quality of the Products on the Products' labels; (e) whether class certification should be granted; and (f) whether Plaintiff and other members of the Class are entitled to actual or statutory damages, injunctive relief, or equitable relief.
    b. **Defendants' Position**: The scope of discovery will depend on what, if any, claims survive Defendants' pending Motion to Dismiss. Assuming

-3-

Plaintiff's claim for violation of the Illinois Consumer Fraud Act remains, discovery will be required regarding Plaintiff's purchase history and his current claims, any substantiation Plaintiff has for his claims, the percent of daily value of protein the relevant product(s) contains, and labeling and advertising relating thereto. Discovery will also be necessary regarding issues relevant to the Rule 23 class certification analysis. Should the case proceed beyond the class certification stage and any summary judgment motions regarding liability, damages discovery would be necessary.

2. *Date for Rule 26(a)(1) disclosures.*

    a. **Plaintiff's Position**: Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) are to be made on or before April 29, 2016.
    b. **Defendants' Position**: No disclosures should be scheduled until this Court rules on Defendants' pending Motion to Dismiss, which potentially significantly affects the scope of the case. For example, the First Amended Complaint purports to state four separate counts under the laws of ten States based on three different products. If successful, the pending Motion to Dismiss will eliminate all claims other than two counts under Illinois law based on one of the three products identified. Accordingly, in the interest of efficiency and fairness, no disclosure deadline should be set pending a ruling on the Motion to Dismiss, and until the pleadings are settled.

3. *Date to issue written discovery.*

    a. **Plaintiff's Position**: Plaintiff submits that discovery does *not* need to proceed in phases (*i.e.*, bifurcated between class certification and merits discovery). Plaintiff asserts that discovery should proceed notwithstanding the filing of Defendants' motion to dismiss. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) ("We agree that there is no requirement that the discovery cease during the pendency of a motion to dismiss . . . ."); *see also In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) ("The mere filing of the motion does not automatically stay discovery.").
    b. **Defendants' Position**: For the same reasons stated above concerning initial disclosures, discovery should not commence until the scope of the case and the pleadings is settled. Furthermore, discovery should be bifurcated, with a first phase consisting of merits and class certification discovery, and a second phase, consisting of damages discovery, should a class be certified and once any summary judgment motions regarding liability have been determined.

4. *Fact discovery completion date.*

   a. **Plaintiff's Position**: Fact discovery shall be completed by January 3, 2017, which is within two-hundred seventy (270) days of the initial status hearing.
   b. **Defendants' Position**: For the reasons set forth above, a discovery deadline should not be set while Defendants' Motion to Dismiss is pending. If necessary, Defendants agree that the 270-day period Plaintiffs suggest should be adequate to complete Phase I discovery, as Defendants describe above.

5. *Date for the filing of Plaintiff's motion for class certification.*

   a. **Plaintiff's Position**: Plaintiff shall file his motion for class certification, together with any expert reports in support thereof, by January 3, 2017, which is within two-hundred seventy (270) days of the initial status hearing. To the extent that Plaintiff identifies any experts in support of his motion, Defendants shall have until forty-five (45) days after service of Plaintiff's motion for class certification to take the depositions of Plaintiff's experts. Defendants' opposition to Plaintiff's motion for class certification, together with any expert reports in support, shall be filed within sixty (60) days of service of Plaintiff's motion for class certification. To the extent Defendants identify any experts in support of their opposition, Plaintiff shall have until forty-five (45) days after service of Defendants' opposition to take the depositions of Defendants' experts. Plaintiff's reply in support of his motion for class certification, together with any rebuttal expert reports, shall be filed within sixty (60) days of service of Defendants' opposition. To the extent Plaintiff identifies any experts in rebuttal, Defendants shall have until fifteen (15) days after service of Plaintiff's reply to take the depositions of Plaintiff's rebuttal experts.
   b. **Defendants' Position**: For the reasons set forth above concerning initial disclosures, a deadline for plaintiff's class certification motion should not be set while Defendants' Motion to Dismiss is pending and until the scope of the case is determined and the pleadings are settled. In any case, January 2017 would be entirely premature for a class certification motion, where the case is not yet at issue, and no discovery has begun.

6. *Date for the filing of dispositive motions.*

   a. **Plaintiff's Position**: Within thirty (30) days of the Court's decision on Plaintiff's motion for class certification, the Parties shall confer in good faith regarding: any remaining discovery to be conducted in light of the Court's decision; deadlines for dispositive motions; service of Rule 26(a)(2) expert reports; and preparation of a pre-trial order.

138407.1

b. **Defendants' Position**: Defendants agree with Plaintiff's position, but reserve the right to bring a dispositive motion for summary judgment at any point.

C. **Jury Trial & Estimated Length of Trial.** Plaintiff has demanded a trial by jury. The Parties estimate that the probable length of the trial to be fifteen (15) days if the Court grants Plaintiff's motion for class certification and four (4) days if the Court denies Plaintiff's motion for class certification.

III. **Consent To Proceed Before Magistrate Judge.** The Parties do not consent to proceed before a Magistrate Judge.

IV. **Status Of Settlement Discussions.** No settlement discussions have occurred. The Parties do not request a settlement conference at this time.

Dated: April 5, 2016                                    Respectfully submitted,

PLAINTIFF RYAN PORTER, individually and on behalf all others similarly situated

DEFENDANTS NBTY, INC., UNITED STATES NUTRITION, INC., HEALTWATCHERS (DE), INC., and MET-RX NUTRITION, INC.

/s/ Michael L. Silverman
Joseph J. Siprut
*jsiprut@siprut.com*
Michael L. Silverman
*msilverman@siprut.com*
**SIPRUT PC**
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

Nick Suciu III
*nicksuciu@bmslawyers.com*
**BARBAT, MANSOUR & SUCIU PLLC**
434 West Alexandrine, Suite 101
Detroit, Michigan 48201
Phone: 313.303.3472

/s/ William A. Delgado
Robert M. Andalman
*randalman@aandglaw.com*
Rachael Blackburn
*rblackburn@aandglaw.com*
**A&G LAW LLC**
542 S. Dearborn Street, 10th Floor
Chicago, Illinois 60605
Phone: 312.341.3900
Fax: 312.341.0700

William A. Delgado
*wdelgado@willenken.com*
**WILLENKEN WILSON LOH & DELGADO LLP**
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Phone: 213.955.9240
Fax: 213.955.9250

138407.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Joint Initial Status Report** was filed this 5th day of April 2016 via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

/s/ Michael L. Silverman
Michael L. Silverman

4821-4008-2991, v. 1

138407.1